[Civil No. 3419. Filed December 9, 1933.]

[27 Pac. (2d) 678.]

SIX COMPANIES, INC., a Corporation, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA and KARA W. GRANT, Respondents.

Messrs. Moore & Shimmel, for Petitioner.

Mr. Floyd M. Stahl, for Respondent Grant.

ROSS, C. J.—This is a *certiorari* by the Six Companies, Inc., to the Industrial Commission to obtain a review of an award to Kara W. Grant, injured while working for the petitioner. Grant's injury was to his head and was of a very serious nature, probably a concussion of the brain. He was granted total temporary disability compensation, and, at the end of that period, a partial permanent disability award of $75 per month for fifty months. Petitioner contends that the last award cannot be justified on any theory.

It is perfectly apparent from the facts that the award should have been made in accordance with section 1438, part (C), subdivision (w), Revised Code of 1928. The injury is not of the kind for which a specific sum is allowed, such as the loss of a member, but of the kind in which the amount of the award depends upon the loss percentage of earning ability, to be found by the commission, and in which the payment of compensation is not for a definite number of months but may be during disability or until death. The employee's average monthly wage at the time of his injury is one of the essential factors in arriving at an award, and another is the average monthly wage he is able to earn after his injury. These must

be found by the commission, which shall then award the employee 55 per cent. of the difference between the two.

What Grant's wages, either before or after injury, were we cannot determine from the record and it is quite apparent they were not found by the commission.

The respondent Grant concedes that it is necessary, under *Kilpatrick* v. *Hotel Adams Co., ante,* p. 128, 22 Pac. (2d) 836, to vacate the award and remand the case for further proceedings.

The petitioner concedes the compensability of the injury and only asks that the award be made to conform with the law.

The award is set aside.

LOCKWOOD and McALISTER, JJ., concur.