235 P.2d 1007

**DAVIDSON v. INDUSTRIAL COMMISSION et al.**

**No. 5416.**

Supreme Court of Arizona.

Oct. 1, 1951.

Leonard S. Sharman, Phoenix, for petitioner.

Robert E. Yount and Donald J. Morgan, Phoenix, for respondents.

UDALL, Chief Justice.

Petitioner, G. O. Davidson, while in the employ of the Arizona Sand and Rock Company as a truck driver, was injured by an accident arising out of and in the course of his employment on December 14, 1943, and as a result thereof, sustained a permanent partial disability.

The Industrial Commission of Arizona was the insurance carrier. The commission assumed jurisdiction of the case and petitioner, over a period of years, was awarded compensation for total or partial temporary disability aggregating $15,674.73, in addition to which he was allowed accident benefits and vocational rehabilitation training.

The principal injury suffered by the 41-year-old petitioner was to his lower back. This is a nonscheduled disability, falling under the "odd lot" provisions of Sec. 56–957, subsections (c) and (d), A.C.A. 1939. Upon recommendation of one of the doctors a spinal fusion across the lumbosacral joint was performed on April 24, 1946, but it was not until March 8, 1948 that petitioner's physical condition became stationary. To allow time for determining his earning capacity the commission deferred making a permanent award until March 15,

1950, when it found that as a result of his permanent partial disability petitioner had sustained a 25% loss of earning capacity thus entitling him to compensation in the sum of $43.10 monthly. Petition for rehearing was timely filed and granted, and on August 4, 1950, the previous award was reaffirmed.

By certiorari the matter is now before us for review. The principal assignment of error is that the evidence of record does not substantiate the commission's finding that petitioner sustained only a 25% loss of earning capacity. It is petitioner's further contention that the only reasonable inference deducible from all of the evidence is that he sustained a total loss of earning power and was therefore entitled to an award of 55% of the average monthly wage earned prior to the accident.

It is our view that no good purpose would be served by making a detailed analysis of the various steps taken by the doctors and the commission to restore the petitioner to good health and to rehabilitate him. Suffice it to say that from the voluminous record before us, covering a period of six or seven years, it clearly appears that the best medical care was furnished him (in all, he was treated or examined by some eighteen eminent doctors). The Medical Advisory Board, on March 8, 1948, unanimously stated:

"We are of the opinion that radiographically the lumbosacral fusion is solid. We therefore would not recommend further examination or treatments, and believe that the patient can now be discharged and that he can resume some type of useful work.

"We are of the opinion that as a result of the injuries in question, he has a 20% general physical disability."

At his subsequent appearance, on July 11, 1949, before the Medical Advisory Board of six members (three of whom Drs. Charles W. Sult, Jr., George A. Williamson, and R. E. Hastings were on the previous Board) the findings were identical to those previously made, with this additional comment: "We recognize the fact that the patient complains a great deal more and of additional localities in his body, but careful scrutiny fails to reveal that these are *other than a hysterical spread of symptoms.*" (Emphasis supplied.)

At a formal hearing before the referee, on November 8, 1949, three doctors appeared. Dr. Sult testified as to the subjective complaints that petitioner "complained more and exaggerated his complaints more", but that the objective symptoms did not bear him out. He further stated: "I think the man's attitude is entirely because of his inability to work. In my opinion he has definitely a better back than he had prior to his injury as stated. He is a spondylolisthesis which is an unstable, weak back. He has ultimately had a spinal fusion and has a sound, stable back. Therefore, he is much better off. But as a result of his protracted illness and

the attitude of not desiring to again get on his own feet and to work and to be independent of symptoms and medical treatment is his inability to work."

Dr. Williamson agreed with the views expressed by Dr. Sult and it was further stated by them that further treatment was not indicated as it "would only increase his symptoms and protect his illness".

██ Dr. R. F. Palmer, the petitioner's physician who had treated him over the years, was in disagreement with the conclusions reached by all of the other doctors. But at the best this merely creates a conflict in the medical evidence which it is our duty to resolve in support of the award. Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649; Hewett v. Industrial Commission, 72 Ariz. 203, 232 P.2d 850. Also where there is any competent evidence to sustain the findings of the commission, those findings are binding and conclusive upon this court. Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160.

██ While it is true that petitioner's earnings since the date of injury are practically nil, the commission attributes his inability to obtain a gainful occupation to his defeatist and apathetic attitude. Apparently it is their view that in addition to the physical disability which admittedly affects his earning capacity, there is a disabling state of mind, not amounting to a neurosis, which has prevented him from returning to some type of work. The record amply justifies this inference.

It appears that the commission in making its final award in this matter gave due consideration to all of the factors enumerated in Sec. 56–957, subsection (d), supra, as these were interpreted and applied in the following cases, viz.: Hoffman v. Brophy, supra; Matlock v. Industrial Commission, 70 Ariz. 25, 215 P.2d 612; and Eagle Indemnity Co. v. Hadley, 70 Ariz. 179, 218 P.2d 488.

██ There is no basis in fact for petitioner's bald assertion that the commission arbitrarily added 5% to the 20% functional physical disability found by the Medical Advisory Board, in arriving at the 25% loss of earnings fixed in the instant case.

██ The mere showing that a claimant has not returned to work is not proof of the fact that he cannot work because of a physical disability arising out of an industrial accident.

Award affirmed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.