240 P.2d 171

**MILES v. INDUSTRIAL COMMIS-
SION et al.**

No. 5559.

Supreme Court of Arizona.

Feb. 4, 1952.

Rehearing Denied March 4, 1952.

Leonard S. Sharman, Phoenix, for applicant.

Robert E. Yount, Phoenix, Robert W. Pickrell, Phoenix, of counsel, for respondent Industrial Commission.

PHELPS, Justice.

On May 26, 1948, petitioner Spencer Miles was injured by accident arising out of and in the course of his employment. He was employed at the time by Foster & Kleiser as a poster hangar and fell to the ground from a scaffold 10 to 12 feet high which, according to Dr. J. Donald Francis, his attending physician, resulted in "severe comminuted fractures of the left tibia and right tibia and fractures of the fibula at the same

level. Compound." The fractures in both legs were just above the ankle. X-rays showed the fractures to be well healed with some lateral offset of the upper fragment of the "right fibula about two inches above the tip of the external malleolus." Petitioner also suffered the severance of a tendon in the left ankle, referred to by medical experts as the "extensor hallucis longus" which they say is not functioning. As far as we are able to understand from this, the muscle or tendon controlling the big toe was severed and petitioner is unable to control the movement of the great toe on the left foot upward or prevent it from dropping downward.

A claim was duly presented to the Industrial Commission on June 15, 1948 and on the following day the commission made its finding and award declaring petitioner entitled to accident benefits.

Thereafter and on August 12, 1949, pursuant to supplemental claim for compensation the commission made its findings and award for scheduled permanent disability and awarded petitioner compensation for total temporary disability from May 27, 1948 through July 23, 1949, and further found that petitioner had also suffered a permanent partial disability equal to 10% loss of function of the right leg and 20% loss of the function of the left leg entitling petitioner to compensation therefor in the sum of $157.48 monthly for a period of 15 months.

A petition for rehearing was filed which was granted and on the following December 22nd the commission awarded petitioner compensation for temporary total disability pending determination of loss of earning capacity until January 19, 1950. Later this order was continued through September 16, 1950.

Finally on June 6, 1951, the commission, after further hearing before it, made its finding and award based upon permanent partial disability of petitioner in which it found petitioner was earning $314.95 at the time of his injury, that his physical condition became stationary on Nov. 1, 1949, that the evidence before it indicated petitioner had suffered 25% loss of his earning capacity and was entitled to compensation in the sum of $43.31 monthly as and for permanent partial disability; that in determining loss of earning capacity it had considered all the factors outlined in subsection (d) of section 56–957, A.C.A.1939.

Petitioner brings the matter to this court on certiorari and assigns as error the finding by the commission of a 25% loss of earning capacity and award based thereon of $43.31 per month, for the reason that it finds no support in the evidence and is contrary thereto.

If there is any evidence in the record which reasonably supports the finding and award of the commission, the award must be sustained. On the other hand, if there is no competent evidence to support it

the award must be set aside. Davidson v. Industrial Commission, 72 Ariz. 314, 235 P.2d 1007; Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160.

It will be necessary to a decision of the case for us to examine the evidence. There is no dispute that petitioner suffered a compound comminuted fracture of the fibula and tibia on both legs just above the ankle, also a severance of the tendon leading from the left ankle to the great toe resulting in non-function of said toe.

The medical board on February 5, 1951, reported that according to the report of Drs. Hastings and Schwartzman made on July 18, 1949, petitioner's condition was stationary; that he would "not be able to return to his former occupation or to a comparably strenuous occupation requiring climbing and heavy walking, carrying, etc.," and that the maximum of improvement had then been reached. The testimony of petitioner taken by the medical board at that time was to the effect that he could not stand on his feet to do a full day's work and that his ankles got stiff and painful; that the left ankle became swollen after standing on it for a few hours, that both ankles then became weak and he could not stand on them without holding to something. There is no testimony that time will change this condition. The uncontradicted evidence is that petitioner can only remain on his feet a few hours at a time; that he attempted to return to work for Foster & Kleiser in 1949 but was unable to do the work and was discharged; that he later attempted to operate a small confectionary business near one of the Tucson schools but that this venture was a financial failure; that he then went to work at a Texaco service station working only during the forenoon. After resting a couple of hours at home he then reported for work at a dairy where he washed the trucks, changed the tires and took care of flats. He also took calls from the time they started loading up in the morning until 8:00 a. m. when the service station opened. During the period he works af the dairy petitioner is compelled to remove his shoes at intervals and rub his ankles to allay the pain caused by standing on his feet.

The wage at the service station is 75 cents per hour. The work at the dairy is on a contract basis and his earnings there vary from day to day. The average earnings of petitioner covering a period of months prior to the award here in question were approximately $152 per month.

With these facts in mind about which there is no dispute, let us apply them to the law governing odd-lot cases such as this, taking into consideration the factors to be considered by the commission in arriving at the percentage of disability as provided in subsection (d), section 56–957, supra. In its award the commission states that it took these factors into consideration in arriving at the 25% loss of earning capacity.

■■ The fact that all the evidence is to the effect that petitioner had reached the

maximum of recovery at the time the award was made, and the fact that he could never return to his former employment or a comparatively strenuous occupation renders the previous disability (of which there was none) and the age factors in subsection (d) immaterial. The severe nature of the physical injury as disclosed by the evidence militates in favor of petitioner rather than against him.

We find nothing in the evidence from which an inference can be logically drawn that tends to establish the loss of earning capacity at 25%. There is nothing in the evidence from which it can be logically inferred that petitioner is, or will be in the future, capable of earning more money than he was earning at the time of the award.

Inasmuch as a consideration of the factors outlined in subsection (d), supra, do not tend to establish the loss of petitioner's earning capacity as found by the commission, the only factor bearing on the subject is the average earnings of petitioner for several months preceding the award compared with his earning capacity immediately prior to the injury. The measure of the loss of earning capacity therefor under the evidence in this case is the difference between what petitioner was earning at the time of his injury and the amount he was earning prior to the last award.

 The attempt of petitioner to show what he would have been earning as a poster hanger at the date of the award if he had not sustained the injury complained of, finds no support in any case and is wholly immaterial. We feel that under the evidence in this case the principle applied in the case of Eaves v. Industrial Commission, 73 Ariz. 78, 237 P.2d 809, is applicable here.

The award is set aside.

UDALL, C. J., and STANFORD, DE CONCINI. and LA PRADE, JJ., concurring.