349 P.2d 786

James SCHERER, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARI-
ZONA, and Motorola, Inc.,
Respondents.

No. 6734.

Supreme Court of Arizona.

March 2, 1960.

Robert E. Yount, Scottsdale, for petition-
er.

Donald J. Morgan, of Phoenix, Chief
Atty., for respondent, Industrial Commis-
sion of Arizona.

Evans, Kitchel & Jenckes, by Earl H.
Carroll, Phoenix, for respondent Motorola,
Inc.

UDALL, Justice.

Review by certiorari of an award of The Industrial Commission of Arizona denying petitioner, James Scherer, further compensation.

Petitioner (a man aged 58 years), admittedly sustained an injury arising out of and in the course of his employment as a guard at the Motorola Plant in Phoenix. The industrial incident giving rise to this case occurred on January 30, 1957, when petitioner—whose duties were those of a plant guard—"slipped on catwalk, falling on back, striking head and twisting his neck."

The Commission promptly assumed jurisdiction and found the claim to be compensable as an "odd lot" case. A.R.S. § 23–1044, subd. C. Petitioner was allowed accident benefits, being hospitalized immediately for a short time—as well as periodically thereafter—and at all times was given the best of medical care.

A consultation board, composed of Doctors Haynes, Hartman, and Moore, examined the petitioner and, after reviewing the complete record, made a written report on December 23, 1957. Incorporated therein is the following:

"* * * : It is our opinion that this patient's condition is now essentially stationary and that no further treatments or examinations are required as an industrial responsibility. It is obvious that this patient had a rather extensive degenerative disease of the cervical spine at the time of his injury of January 30, 1957 which may have been aggravated by the accident in question. However, his physical findings are such at this date that it would appear to us that he could return to some form of gainful occupation."

Largely based upon this report the Commission, on January 3, 1958, made an interim award wherein the wage base was determined; it was found that petitioner's physical condition had become stationary, and that applicant had sustained a 10% physical functional disability as a result of the accident. Accident benefits were allowed and compensation for temporary partial disability granted. The matter was left open pending a determination of petitioner's post-injury earning capacity. Both employer and petitioner timely protested this award but only the employer followed through with a petition for rehearing. Thereafter two formal hearings were held, where petitioner, the doctors, and other witnesses testified.

At the urging of the Commission and the doctors, petitioner reluctantly went back to his job on January 27, 1958, though protesting he was not able to do the work. His old job at the plant had been held open for him and the wages paid therefor had in the meantime been slightly increased. The testimony reveals that being a guard at Motorola is very light work; it consists

principally of patrolling the plant area and punching a clock at certain stations. No hard physical labor is involved. Petitioner had been employed there in that capacity for a period of five years prior to this injury.

After resuming his work, petitioner claimed to have suffered another industrial accident by a fall while on duty in the early morning of March 3, 1958; however, this claim is not before us for review. Petitioner injected this incident into the hearing solely for the purpose of demonstrating that in truth and in fact he was not able to do this guard work, although the medical evidence does not show any causal connection between this fall and the prior injury.

Following hearings held on March 25 and April 16, 1958, the Commission afforded petitioner an opportunity to present additional evidence. After waiting approximately three months, the Commission finally inquired whether any such evidence was available. A final award was not made until after petitioner advised the Commission:

"There is no further evidence available at this time and request that the matter be submitted."

Shortly thereafter, on August 13, 1958, the Commission entered its Decision upon Rehearing, finding therein that Scherer's condition became stationary on December 23, 1957; that as a result of the January 30, 1957, accident he suffered a 10% general physical functional disability; that he returned to work with Motorola and was able to perform his duties with that company and that the physical functional disability did not cause any permanent partial disability for work, nor did it cause any loss of his earning capacity. We granted certiorari to review the award.

■ The assignments of error would seem to raise these points, viz.: first, the Commission erred in entering its decision upon rehearing because of inaccurate evidence as to petitioner's true earning capacity, particularly in that an adequate trial period had not been allowed. There would appear to be no merit to this contention as it must be remembered that the award was made more than 18 months after the original injury and over a month after the Commission had been advised by petitioner's counsel they had no additional proof to offer. Therefore such deliberate action cannot properly be termed either arbitrary or capricious.

■■ Secondly, the real issue sought to be presented seems to concern the Commission's determination that petitioner could return to his employment with Motorola and that he was able to perform the duties of such employment and hence did not suffer any loss of earning capacity. There is no conflict in the medical testimony regarding Scherer's physical ability

to perform the duties of a plant guard. Drs. Hartman, Goley, and Ergenbright, so testified. It is only the petitioner who claimed he could not do such work. The Commission, as trier of the fact, was at liberty to choose whom to believe. Timmons v. Industrial Commission, 83 Ariz. 74, 316 P.2d 935, 938. The mere showing that a claimant has not returned to work is not proof of the fact that he cannot work because of a physical disability arising out of an industrial accident. See, Davidson v. Industrial Commission, 72 Ariz. 314, 235 P.2d 1007, 1009.

Sometime in the latter part of March 1958, petitioner's employment with Motorola was terminated on account of arterial hypertension (high blood pressure) and hypertensive heart impairment. The medical testimony, however, is to the effect that there is no causal relationship between these cardio-vascular conditions and Scherer's previous injury, rather that it is a degenerative change incident to age.

We are convinced that the Findings and Award made by the Commission are amply supported by competent and substantial evidence. There is no merit to the appeal.

Award affirmed.

STRUCKMEYER, C. J., and PHELPS, JOHNSON and BERNSTEIN, JJ., concur.