485 P.2d 869

**RANGER INSURANCE COMPANY and Western Cotton Products, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Ruby Lee Berry, Respondent Claimant.**

**No. 1 CA–IC 554.**

Court of Appeals of Arizona, Division 1, Department B.

June 15, 1971.

Rehearing Denied July 2, 1971.
Review Denied Sept. 28, 1971.

**46**

Shimmel, Hill & Bishop, by Merton E. Marks, Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, The Industrial Commission of Arizona.

Charles M. Wilmer, Phoenix, for respondent claimant.

HAIRE, Judge.

On this review of an award of the Industrial Commission granting death benefits to the respondent widow, the petitioning employer and insurance carrier (hereinafter collectively "petitioner") contend (1) that respondent failed to establish her alleged marriage to the deceased; and (2) that she had voluntarily abandoned the deceased prior to the industrial injury here involved and was not dependent on him for support at the time of the injury.

Considering petitioner's first contention, our thorough review of the record convinces us that the Commission's finding that the deceased employee, Cleveland Berry, and the respondent, Ruby Lee Berry, entered into a lawful marriage in Sonora, Mexico was supported by competent evidence. In reaching this conclusion, we cite the copy of the Mexican marriage certificate filed by respondent and the respondent's and her parents' testimony as a sufficient evidentiary basis for the Commission's finding. Although petitioner has objected to the admissibility of the marriage certificate for reason that it lacked authentication and, being written in Spanish, was unaccompanied by a sworn translation, the document in question was certified by an officer of the Civil Registry, Agua Prieta, Sonora, Mexico and was accompanied by

an unofficial translation which petitioner chose not to challenge. Additionally, a hearing officer is not bound by the common law rules of evidence and has wide discretion in the admission of evidence under A.R.S. § 23–941 F, which provides:

"F. Except as otherwise provided in this section and rules of procedure established by the commission, the hearing officer is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice."

We also note that under A.R.S. § 12–2265 a certified copy of a marriage certificate executed in accordance with the laws of a foreign state or country is admissible as *prima facie* evidence of the facts therein stated when the marriage is in question without expressing any additional requirement that the certificate first be authenticated.

■■■■■ Nor do we accept petitioner's contention that the Commission could not lawfully find the claimed marriage had occurred where the only evidence supporting such a finding was an ambiguous marriage certificate, respondent's own testimony and the allegedly interested testimony of her parents. We recognize that the marriage certificate was ambiguous, containing an obvious discrepancy in the names of the persons therein reported to the persons here involved, viz. "Harry Cliveland" rather than Cleveland Berry, and "Rubie Lee Yung", respondent admittedly having never used the surname "Yung". However, the names are similar and a further examination of the marriage certificate discloses a reference to the correct surname of respondent's parents and other facts tending to identify respondent as the same person as "Rubie Lee Yung". It is our view that the marriage certificate, being corroborated by other evidence, presented a factual ambiguity which falls squarely within the Commission's authority as trier of fact to resolve. Upon the Commission's resolution of the ambiguity in favor of respon-

dent, the marriage certificate became *prima facie* evidence of the existence of the marriage under A.R.S. § 12–2265. Additionally, the determination of the credibility to be accorded the testimony of respondent and her parents is the type of determination routinely made by the Commission, and an ultimate finding of fact based upon such a credibility determination cannot be challenged. *See* Sanchez v. Industrial Commission, 96 Ariz. 19, 391 P.2d 579 (1964); Scherer v. Industrial Commission, 87 Ariz. 224, 349 P.2d 786 (1960).

■■■■ Petitioner's next contention that respondent had voluntarily abandoned the deceased prior to his industrial injury was the subject of sharp dispute at the Commission hearing, and there is much conflicting evidence on this point. There is ample evidence in the record that the deceased first abandoned the respondent in favor of another woman, and while we agree with petitioner that "the matter of abandonment or the absence thereof is a matter of the wife's state of mind", Clark v. Industrial Commission, 10 Ariz.App. 486, 489, 460 P.2d 22, 25 (1969) and is not necessarily determined on the basis of who first abandoned whom, we believe that the evidence on this question was sufficient to support the Commission's finding that the respondent could not have thereafter resumed a normal marital relationship with the deceased even if she so desired. On this point, there was evidence that the woman with whom the deceased was then living threatened the respondent on several occasions with bodily harm for seeking contact with the deceased, and even threatened respondent and the deceased with a gun on one occasion. Under these circumstances, we cannot conclude that the Commission clearly erred in finding that respondent's subsequent failure to resume a marital relationship with the deceased was not due to any resolve on her part to abandon the deceased. There being sufficient evidence to support the Commission's finding that respondent did not voluntarily abandon the deceased, we consider petitioner's contention concerning respondent's

lack of *actual* dependency for support upon the deceased to be immaterial. In this regard we view the conclusive nature of the presumption of dependency expressed in our workmen's compensation statute as being completely unambiguous. A.R.S. § 23–1064 A.1 provides:

"A. The following persons are *conclusively presumed* to be totally dependent for support upon a deceased employee:

"1. A wife upon a husband whom she has not voluntarily abandoned at the time of the injury." (Emphasis supplied).

*See, also,* Clark v. Industrial Commission, *supra,* 10 Ariz.App. at 490, 460 P.2d at 26.

The award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.