523 P.2d 801

**STATE COMPENSATION FUND,**
**Petitioner Carrier,**

**City of Tucson, Petitioner Employer,**

v.

**Pearl M. STANKE, Widow of Roy E. Stanke, Deceased, Respondent Employee,**

**The Industrial Commission of Arizona, Respondent.**

**No. 1 CA–IC 936.**

Court of Appeals of Arizona, Division 1, Department B.

June 25, 1974.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by Dee-Dee Samet, Tucson, for petitioner carrier and petitioner employer.

Rees, Mercaldo & Smith, P. C., by Ronald D. Mercaldo, Tucson, for respondent employee.

William C. Wahl, Jr., Former Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

## OPINION

HAIRE, Presiding Judge.

On this review by certiorari of an award entered by the respondent Commission, a question is presented as to the maximum amount which may be awarded to a surviving widow as a death benefit for the burial expenses of her deceased husband.

At the time the husband suffered his industrial injury in 1958, A.R.S. § 23–1046, subsections A(1) and D, read as follows:

"A. In case of an injury causing death, the compensation therefor shall be known as a death benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

"1. Burial expenses, *not to exceed three hundred dollars*, in addition to the compensation.

\* \* \* \* \* \*

"D. In event of death of a dependent before expiration of the time named in the award, the funeral expenses of such person, *not to exceed three hundred dollars*, shall be paid." (Emphasis added). Subsequently, in 1971 and prior to the decedent's death, the statute was amended to increase these maximums to $800.

At the time of the decedent's injury, and at the time of his death, A.R.S. § 23–1064 B provided that:

"B. Questions of dependency and the extent thereof shall be determined as of the date of the injury to the employee and the dependent's right to any death benefit shall become fixed as of such time irrespective of any subsequent change in conditions, and the death benefits shall be directly recoverable by and payable to the dependent entitled thereto."

Looking at subsection B of § 23–1064, it is immediately apparent that the subsection deals with two distinct issues, first the determination of the status of dependency, and second, the fixing of rights accruing from that status. In the language of subsection B, the status ". . . of dependency and the extent thereof [is] determined as of the date of the injury to the employee. . . ." This initial portion of subsection B removes much of the confusion in the law existing in states without such a statutory provision, and its conclusive effect as to the time for the determination of the status of dependency has been considered and ruled upon in several Arizona decisions. *See* Magma Copper Co. v. Naglich, 60 Ariz. 43, 131 P.2d 357 (1942); Ranger Insurance Co. v. Industrial Commission, 15 Ariz.App. 45, 485 P.2d 869 (1971); Coover v. Industrial Commission, 14 Ariz.App. 409, 484 P.2d 21 (1971); Tipton v. Industrial Commission, 2 Ariz. App. 339, 409 P.2d 55 (1965).

The second portion of subsection B, 23–1064, does not deal with the time for the determination of the status of dependency, but rather proceeds one step further—the

status of dependency having been determined, the statute next provides that the dependent's rights to death benefits are also fixed as of such time. From the foregoing it would appear that the contingent right to a death benefit for burial expenses in an amount not to exceed $300 came into existence at the time of the decedent's injury, and in the language of A.R.S. § 23–1064B, the right became "fixed as of such time. . . ."

Based upon the provisions of A.R.S. § 23–1064B, it is our opinion that the death benefit right here involved, the right to burial expenses not to exceed $300, became fixed as of the date of the decedent's injury. Bearing in mind the provisions of A.R.S. § 1–244,[1] we do not find any indication in the language of the 1971 amendment which would indicate a legislative intention to make the increase to $800 retroactive as to rights which had already become fixed. The result we reach is in accord with the interpretation which had been adopted by the respondent Commission for many years prior to the entry of the present award, which reached a contrary result.

In arriving at his decision allowing burial expenses to a maximum of $800, the hearing officer relied upon cases from other jurisdictions which have allowed death benefits in accordance with the statutes in effect at the time of death as opposed to those in effect at the time of injury. In Magma Copper Co. v. Naglich, *supra*, a decision dealing with the availability of death benefits under the Arizona statutes, the Arizona Supreme Court expressly recognized that decisions from other jurisdictions concerning death benefits are of little value as precedent because of differences in the terms of the statutes involved and the concepts flowing therefrom. Suffice it to say that we have examined the cases relied upon by the hearing officer, and find substantial variances in the statutory provisions of the jurisdictions involved, at least insofar as those provisions are revealed and relied upon in the decisions cited.

Having decided that the death benefits here involved were fixed by the statute in effect at the time of the decedent's injury and that there was no legislative intent to give the 1971 amendment retroactive effect, it is not necessary for the Court to consider the petitioning carrier's contention that to give retroactive effect to the 1971 amendment would constitute an impairment of the obligation of the workmen's compensation policy here involved, thereby violating the provisions of the constitution of Arizona, Article 2, § 25, and the United States constitution, Article 1, § 10.

The award is set aside.

JACOBSON, C. J., and EUBANK, J., concur.

---

1. A.R.S. § 1–244 provides as follows: "No statute is retroactive unless expressly declared therein."