866 P.2d 865

Tina RICO, widow of Roy A. Rico, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Federal Roofing, Respondent Employer,

State Compensation Fund, Respondent Insurance Carrier.

No. CV–93–0019–PR.

Supreme Court of Arizona, En Banc.

Jan. 6, 1994.

---

Rabinovitz & Associates by Bernard I. Rabinovitz, Tucson, for Tina Rico.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Peter C. Kilgard, Chief Counsel, Phoenix, State Compensation Fund and Robert A. Schuler, Tucson, for respondent Employer/Carrier.

## OPINION

MARTONE, Justice.

We granted review to determine whether the spouse of a deceased worker has standing to claim workers' compensation death benefits when she was married to the worker at the time of death but not at the time of trauma. We answer this question in the affirmative because, as we hold in the companion case of *Dunn v. Industrial Comm'n,* 177 Ariz. 190, 866 P.2d 858 (1994), dependency determinations under A.R.S. § 23–1046 and A.R.S. § 23–1064 are made at the time of the worker's death. Because Tina Rico was married to Roy Rico on the date of his death, she has standing to claim death benefits under § 23–1046 and is conclusively presumed to be dependent under § 23–1064.

## BACKGROUND

In 1973 Roy Rico suffered a compensable industrial injury and received benefits from his employer's insurance carrier, the State Compensation Fund. At the time of the traumatic incident, Roy had been living with Tina Rico, the respondent here, for a number of years. Roy and Tina were not married at the time of Roy's trauma, but they married the next year. Roy and Tina remained married for 16 years up until Roy's death in 1990.

After Roy died, Tina filed a claim for workers' compensation death benefits. Because the carrier denied her claim, she requested a hearing in the Industrial Commission. The Industrial Commission refused to award Tina benefits because Tina and Roy were not married at the time Roy suffered the trauma that allegedly caused his death. Even though she had been his wife for 16 years before death, the Commission held she had no standing to claim workers' compensation benefits. The court of appeals reversed. *Rico v. Industrial Comm'n,* 174 Ariz. 7, 846 P.2d 157 (1992). It held that, although Tina was not married to Roy at the time of trauma, she was in fact dependent upon him at that time. Therefore, she had standing to file a claim under § 23–1046. *Id.* at 8, 846 P.2d 157. We granted the Fund's petition for review and now affirm the order of the court of appeals setting aside the award, but vacate its opinion.

## DISCUSSION

Our resolution of this case is dictated by our holding in the companion case we decide today, *Dunn v. Industrial Comm'n,* 177 Ariz. 190, 866 P.2d 858 (1994). In *Dunn,* we discussed at length the interrelationship between § 23–1064 and § 23–1046, and earlier judicial interpretations of the statutes. We concluded that the legislative purpose is best advanced by a construction that dependency determinations for purposes of workers' compensation death benefits are made at the date of death, not the date of trauma. Hence, the surviving spouse of a worker who died as a result of industrial trauma is presumptively dependent upon the worker if he or she was married to the worker at the time of death.

Tina and Roy were married at the time of Roy's death. Therefore, Tina has standing to claim death benefits under the statute. This case graphically illustrates the wisdom of the rule we adopt in *Dunn.* We no longer need to engage in factual inquiries about whether the surviving spouse was dependent upon the deceased worker at the time he or she suffered trauma. As we hold in *Dunn,* making dependency determinations at the date of death is the most sensible

interpretation of the relevant statutes. *Dunn*, 177 Ariz. at 197, 866 P.2d at 865.

## RESOLUTION

Because Tina Rico was married to Roy Rico at the date of his death, she has standing to claim workers' compensation death benefits under § 23–1046 and § 23–1064. We therefore affirm the order of the court of appeals which set aside the award denying benefits, but because of our holding in *Dunn*, vacate its opinion.

FELDMAN, C.J., MOELLER, V.C.J., CORCORAN and ZLAKET, JJ., concur.