949 P.2d 49

KISCO, INC., Petitioner Employer,

State Compensation Fund,
Petitioner Carrier,

v.

The INDUSTRIAL COMMISSION
OF ARIZONA, Respondent,

Aleda Dunn, Widow, Walter Dunn,
Deceased, Respondent
Employee.

No. 2 CA–IC 97–0040.

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 4, 1997.

As Corrected Nov. 14, 1997.

James F. Crane, Chief Counsel, State Compensation Fund by Lawrence J. Sandell, Tucson, for Petitioner Employer and Petitioner Carrier.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for Respondent.

Rabinovitz & Associates, P.C. by Bernard I. Rabinovitz, Tucson, for Respondent Employee.

BRAMMER, Judge.

The sole issue presented in this statutory special action is whether the amount of burial expenses provided by A.R.S. § 23–1046 A(1) is determined by the date of death, or by the date of injury if different than the date of death.

Walter Dunn suffered a job-related heart attack on January 6, 1970, which led to his death on August 12, 1996. That his death was job-related is undisputed. The only dispute is the amount of burial expenses to which his widow, Aleda, is entitled under the workers' compensation statute. Petitioners, Walter's employer and the State Compensation Fund, argue that Aleda should receive the amount available in 1970 when Walter suffered the heart attack, and amount not to exceed $300. Aleda claimed, and the administrative law judge (ALJ) agreed, the she should receive the amount available under the statute at the time of Walter's death, an amount not to exceed $3,000. We find the ALJ's award was correct.

### Standard of Review

We independently determine conclusions of law reached by the ALJ. *Anton v. Industrial Comm'n*, 141 Ariz. 566, 688 P.2d 192, (App.1984). Because the parties stipulated to the facts, we need not review the record to ascertain whether it supports the ALJ's factual conclusions.

## Discussion

■ Petitioners urge us to follow *State Compensation Fund v. Stanke*, 22 Ariz.App. 74, 523 P.2d 801 (1974). In that case the employee was injured on the job in 1958, resulting in his death in 1971. The court held that death benefits payable to the employee's surviving spouse for burial expenses pursuant to A.R.S. § 23–1046 A(1) were fixed by the statute in effect at the time of injury, rather than at the time of his death. The *Stanke* court relied on several cases, including *Magma Copper Co. v. Naglich*, 60 Ariz. 43, 131 P.2d 357 (1942), in which the court held that determination of which persons are eligible to receive benefits based on the time of injury, not the time of death. The court reasoned that not only the identity of the beneficiaries but benefits are fixed at that time.

In 1994, our supreme court revisited this question in *Dunn v. Industrial Comm'n*, 177 Ariz. 190, 866 P.2d 858 (1994), overruling *Magma* and its progeny. The court stated that "where injury causes death, death is the ultimate injury," *id.* at 194, 866 P.2d at 862, deciding that those who are entitled to benefits are determined as of the date of death, not the date of the death-producing injury. *Id.* See also, *Rico v. Industrial Comm'n*, 177 Ariz. 197, 866 P.2d 865 (1994).

Petitioners argue that since *Dunn* and *Rico* deal only with fixing the identity of *beneficiaries* as of a date certain, *Stanke*, which deals with determining *benefits* as of a date certain, is still valid precedent and we should follow it. What petitioners overlook is that *Stanke's* holding relied on *Magma*, which *Dunn* overruled. The court in *Dunn* said, "[we] ... do not take our decision to overrule *Magma* and its progeny lightly." 177 Ariz. at 196, 866 P.2d at 864. The court also said, "[a]ll dependency determinations ... are fixed at the time of death ... [t]o the extent *Magma Copper Co. v. Naglich* ...

holds to the contrary, it is overruled." 177 Ariz. at 197, 866 P.2d at 865.

■ Since *Stanke* relied on *Magma* to determine that benefits would be fixed as of the same date as dependency status, and since *Dunn* overruled *Magma*, holding that dependency would be fixed as of the date of death, the ultimate injury, we believe the *Stanke* court's reasoning compels the decision we reach here. The date of death fixes both the beneficiaries and the benefit to be awarded. Any other result, particularly when the date of death occurs substantially later than the injury, would be nonsensical since the expenses of burial continue to escalate with time, as the legislature has apparently recognized and increased the benefits accordingly.

Because *Dunn* overruled the cases upon which *Stanke* relied in construing A.R.S. § 23–1046 A(1), we do not consider *Stanke* controlling, although we find its analysis marrying the dates of determining dependency and benefits applicable here. We therefore believe the holding in *Dunn* that the date of death fixes the identity of beneficiaries is equally applicable to the determination of death benefits pursuant to A.R.S. § 23–1046 A(1). We conclude therefore that the ALJ properly awarded Aleda benefits not to exceed $3,000.00 based on the amount prescribed under the statute at the time of Walter's death.

Award affirmed.

DRUKE, C.J., and FLÓREZ, P.J., concur.