409 P.2d 55

**Aureta Alice TIPTON, Widow of Ralph Tipton, Deceased, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Pima County Board of Supervisors (Pima County General Hospital), Respondents.**

**No. 1 CA–IC 21.**

Court of Appeals of Arizona.

Dec. 23, 1965.

Hirsch, Van Slyke & Ollason by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park and Joyce Volts, Phoenix, for respondents.

STEVENS, Chief Judge.

A Writ of Certiorari to review the lawfulness of an award of the Industrial Commission of Arizona was issued and the briefs in support of the various contentions in relation to that award were filed when the respondent Industrial Commission filed a motion to dismiss, urging that the petitioner was not the wife of the deceased workman at the time he sustained his industrial accident and that, therefore, the Industrial Commission of Arizona was without jurisdiction to entertain her request for widow's benefits. The motion was resisted. The matter was orally argued. The facts in relation to this legal proposition are simple and without dispute.

On 9 February 1958, Ralph Tipton, a single man, sustained an injury within the scope and course of his employment and the Industrial Commission assumed jurisdiction paying certain accident benefits. An award was entered on 16 May 1958, the same was not protested and it became final. At that time the petitioner was the wife of one Brown and remained his wife until she secured a divorce from him on 30 October 1958. On 7 November, 1958, the petitioner and Tipton were married in Nogales, Sonora. She remained the wife

of Ralph Tipton until his death on 13 August 1962.

On 11 July 1960, Tipton sought to reopen his case and it was reopened on the basis of new and additional disability. There was an "Additional Findings and Award" entered on 11 July 1962. This was protested and there was a petition for rehearing which petition was dismissed following his death.

On 26 November, 1962, the widow filed her "Widow's Claim for Compensation". The Industrial Commission ruled against the claim holding that there was no causal connection between the industrial accident of 9 February 1958, and the death of 13 August 1962. It was in relation to this determination that a review was sought and in relation to which we issued our Writ of Certiorari.

No new facts are urged. Only a proposition of law new to this case is now urged. The Industrial Commission urges that the issue presented is a jurisdictional issue and, therefore, can be raised at any time. The petitioner urges that this is purely a procedural matter and since the same was not urged based upon facts well known and well established before the Industrial Commission, the same cannot now be urged.

The statutes in question are as follows:

"23 A.R.S. § 1046. Death benefits
A. In case of an injury causing death, the compensation therefor shall be known as a death benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

1. * * *

2. To the widow. * * *

"23 A.R.S. § 1064. Presumptions of dependency; determination

A. The following persons are conclusively presumed to be totally dependent for support upon a deceased employee:

1. A wife upon a husband whom she has not voluntarily abandoned *at the time of the injury.*

* * * * * *

B. Questions of dependency and the extent thereof shall be determined as of the date of *the injury* to the employee, and the dependent's right to any death benefit shall become fixed as of such time *irrespective of any subsequent change in conditions,* and the death benefits shall be directly recoverable by and payable to the dependent entitled thereto." (Emphasis supplied)

There can be no question but that these statutes must be construed together. Ocean Accident & Guarantee Corp. v. Industrial Commission, 32 Ariz. 54, 255 P. 598 (1927); Thomas v. Industrial Commission of Arizona, 87 Ariz. 238, 350 P.2d 392 (1960).

While it is true that not all questions which can be classified as jurisdictional questions can be raised the first time on appeal, nevertheless, there are jurisdictional questions which can be raised for the first time on appeal. Carlson v. Carlson, 75 Ariz. 308, 256 P.2d 249 (1953); Stevens v. Mehagian's Home Furnishings, 90 Ariz. 42, 365 P.2d 208 (1961). It is our opinion that the issue raised by the Industrial Commission is one which falls within the classification of a jurisdictional question which is not waived should it be overlooked in the hearing stage and can be raised on the review stage.

The petitioner not having been the wife of Ralph Tipton on the 9th day of February 1958, the Industrial Commission of Arizona was without jurisdiction to award her widow's benefits. This holding is not to be construed as a ruling in relation to the merits of the contention that Tipton's industrial accident bore a causal relationship to his death and does not in any way determine the presence or absence of other remedies which may arise out of his death. The ruling herein is in relation to the very limited issue here presented.

Rule 14(a) of the Rules of the Arizona Supreme Court, 17 A.R.S. provides for the issuance of a mandate. The issuance of the mandate in this matter will constitute

the granting of the Motion to Dismiss and the vacating of the Writ of Certiorari heretofore issued in this matter.

CAMERON and DONOFRIO, JJ., concur.