454 P.2d 982

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT OF PIMA COUNTY, the Hon. Norman S. Fenton, Presiding Judge, Respondent.

No. 9431.

Supreme Court of Arizona.

In Banc.

May 28, 1969.

Gary K. Nelson, Atty. Gen., William J. Schafer, III, Pima County Atty., by Stanley L. Patchell, Deputy County Atty., for petitioner.

Ronald W. Sommer, Tucson, amicus curiae, for respondent, Manuel Costillo Ochoa, real party in interest.

STRUCKMEYER, Justice.

This cause is an application for an original writ of certiorari brought in this court in the name of the State of Arizona directed to the Superior Court of Pima County, and the Honorable Norman S. Fenton, Judge thereof, to certify the entire file of that certain criminal case No. A–16297 wherein the State of Arizona was plaintiff and Manuel Costillo Ochoa was defendant. Ochoa was informed against and tried in Pima County for the crime of rape, second degree. The respondent judge directed a verdict of not guilty for Ochoa on the grounds that the evidence showed he had a good faith belief that the prosecutrix was over the age of eighteen years, she then in fact being sixteen years of age.

By statute A.R.S. § 13–611, rape in the first degree is where resistance is overcome by force or threats of great bodily harm or the female is incapable through lunacy of giving legal consent. Rape in the second degree is:

"* * * an act of sexual intercourse with a female, not the wife of the perpetrator, under the age of eighteen years, under circumstances not amounting to rape in the first degree." A.R.S. § 13–611, subsec. B.

The question raised by the State's application for certiorari is whether a good faith belief that the prosecutrix was of the age of eighteen years or over, is a defense to the charge of rape, second degree.

As a general rule we do not resolve questions which have been mooted either by the passage of time or the action of an inferior tribunal, Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764, but where the matter is of considerable public importance or the principle involved is a continuing one, this Court may, in its discretion, decide the issues of law involved. State v. Superior Court, In and for Pima County, 86 Ariz. 231, 344 P.2d 736. The present case is one where the principle of law involved is both a continuing one and of considerable public importance.

Able counsel for Ochoa has appeared as amicus curiae in this Court and presented an extensive brief urging that we follow

the decision of the California Supreme Court in People v. Hernandez, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3rd 1092 (1964). In a unanimous opinion the Supreme Court of California overruled its former decisions, and held that in a charge of statutory rape, because of the perpetrator's reasonable, although mistaken, belief that the female was over the age of consent, criminal intent was lacking and no crime was committed.

Prior to the amendment of the Arizona Act in 1962, A.R.S. § 13–611, and under a statute of almost identical language, we repeatedly held that criminal intent, the mens rea, was present regardless of whether sexual intercourse with a female under the age of eighteen was with her consent. Consequently, consent was not a relevant factor and was held not to absolve the accused of criminal responsibility for the act. See State v. Brady, 66 Ariz. 365, 189 P.2d 198; Callaghan v. State, 17 Ariz. 529, 155 P. 308. We do not assume the Legislature was unaware of our holdings and, therefore, by re-enacting the statute in substantially the same language intended to carry the construction of the former act into the present law:

"It is universally the rule that where a statute which has been construed by a court of last resort is reenacted in the same or substantially the same terms, the legislature is presumed to have placed its approval on the judicial interpretation given and to have adopted such construction and made it a part of the reenacted statute." Madrigal v. Industrial Commission, 69 Ariz. 138, 142, 210 P.2d 967, 971.

The construction here placed upon the statute disposes of the question presented by the State's application. Nevertheless, we have given consideration to the California case of People v. Hernandez, supra, which interprets an act quite similar in language to Arizona's. In considering the California position we feel compelled to first observe that the social consequences of legislative action is not ordinarily a matter with which courts are concerned. It is sufficient to say that the constitutional justification for criminal responsibility lies in the recognition that a female under the age of eighteen years, although physically mature, may be mentally and emotionally incapable of making a proper value judgment. The statute is bottomed on the premise that those who deal with the young must do so at their peril and are strictly accountable for their conduct.

A crime is "an act committed * * * in violation of a law forbidding * * * it." A.R.S. § 13–101. It consists of the union of act and intent or act and criminal negligence. A.R.S. § 13–131. Lacking criminal negligence, a person is not punished for an otherwise criminal act where ignorance or mistake of fact disproves criminal intent. A.R.S. § 13–134. Pursuant to the last cited statute, it is urged that an accused charged with second degree rape should be permitted to prove as a defense that he was mistaken as to the female's age.

There are, however, crimes in which it is said that when a statute denounces the doing of an act as criminal, the law imputes criminal intent from the doing of the act. 1 Wharton Criminal Law and Procedure, Anderson Ed., § 136. Second degree rape since 1275 has been recognized as a crime in Anglo-Saxon jurisprudence, Statutes of Westminister, 1, 3 Edw. 1, ch. 13 and in the United States following Regina v. Prince, uniformally a mistake of fact negating criminal intent has not been considered a defense:

"It seems impossible to suppose that the intention of the legislature in those two sections [relating to statutory rape] could have been to make the crime depend upon the knowledge of the prisoner of the girl's actual age." Regina v. Prince, L.R. 2 Cr.Cas.Res. 154 at 171, 44 L.J.M.C. 122; 322 T. 700; 39 J.P. 676; 24 W.R. 76; 13 Cox, C.C. 138; [1874–1880] All E.R. Rep. 881. (1875)

California since People v. Hernandez in 1964 seems to be the only departure from

this rule. See annotation 8 A.L.R.3rd 1100.

It is true, as stated by the Supreme Court of California, that the courts have uniformly failed to satisfactorily explain the nature of the criminal intent present in the mind of one who, in good faith, believes he has obtained a lawful consent before engaging in the prohibited act. But this is immaterial. The offense here is of that class which, by reason of an unbroken line of judicial holdings, it can be said that the statute denounces the mere doing of the act as criminal, regardless of whether the perpetrator had a bad mind, the generalized intent to engage in a course of criminal conduct. Second degree rape is a recognized judicial exception to the general rule that a mistake of fact is a defense to the charge:

"This [unlawful sexual intercourse with a girl under the age of consent] seems to be at variance with the familiar 'reasonable mistake of fact' doctrine, but it is a recognized exception due to the fact that what was done would have been unlawful and highly immoral even under the facts as the offender supposed them to be." Perkins on Criminal Law, 1957, p. 127.

We need go no further. We do not think the predatory nature of man has changed in the last decade. If mistake of fact is to be the standard of permissive conduct, the legislature is the appropriate forum to indulge in that decision.

We hold that the court below was acting without authority of law in directing a verdict finding Ochoa not guilty of the charge. The only elements necessary to prove the crime of rape in the second degree are an act of sexual intercourse with a female not the wife of the perpetrator who is under the age of eighteen years. State v. Wise, 101 Ariz. 315, 419 P.2d 342; see also: State v. Morse, 281 Minn. 378, 161 N.W.2d 699 (1968), and State v. Fulks, S.D., 160 N.W. 2d 418 (1968).

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.