484 P.2d 21

Essie P. COOVER, Widow, Tina Marie Cotten and Jeffrey Mark Cotten, Minor Children, Petitioners,

In the Matter of Warren C. Coover, Deceased,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Muldner Livestock Transportation, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 541.

Court of Appeals of Arizona, Division 1, Department B.

April 26, 1971.

Rehearing Denied May 28, 1971.

Review Denied July 13, 1971.

**410**

Jennings, Strouss & Salmon by Gary L. Stuart, Phoenix, for petitioners.

William C. Wahl, Jr., Phoenix, for respondent The Industrial Comm.

Robert K. Park, Chief Counsel, State Compensation Fund, by Gene Phillippo, Phoenix, for respondent carrier.

JACOBSON, Presiding Judge.

This review of an award of The Industrial Commission requires us to make a determination as to the material point in time for ascertaining relationships to a deceased workman for the purposes of awarding death benefits.

Warren C. Coover, the deceased, was injured in an industrially-related accident on March 3, 1968, at which time he was a single man. On April 12, 1969, Mr. Coover married the petitioner, Essie P. Coover and thereby became the stepfather of the two minor petitioners. On October 14, 1969, Mr. Coover died as a result of his industrially-related injuries of March 3, 1968. At the time of his death, all of the petitioners were factually (as opposed to presumptively) dependent upon the deceased.

The Industrial Commission held that it was without jurisdiction to award death benefits to the petitioners on the grounds that they were not statutorily dependent upon the decedent at the time of his injuries. The sole question on review is whether petitioners' rights to death benefits are to be determined at the time of injury to the deceased or at the time of his death.

Two statutes affect petitioners' right to compensation. A.R.S. § 23–1046 provides in part as follows:

"A. In the case of an injury causing death, the compensation therefor shall be known as a death benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

\* \* \* \* \* \*

2. To the widow, if there is no child \* \* \*.

\* \* \* \* \* \*

4. To the widow \* \* \* if there is a child or children \* \* \*."

A.R.S. § 23–1064 provides in part:

"A. The following persons are conclusively presumed to be totally dependent for support upon a deceased employee:

"1. A wife upon a husband whom she has not voluntarily abandoned at the time of the injury.

\* \* \* \* \* \*

"3. A natural \* \* \* child under the age of eighteen years \* \* \*. Stepparents may be regarded as parents, if dependent, and a stepchild as a natural child if dependent.

"B. Questions of dependency and the extent thereof shall be determined as of the date of the injury to the employee and the dependent's right to any death benefit shall become fixed as of such time irrespective of any subsequent change in conditions \* \* \*."

Petitioners first claim that they come within the definition of "widow" and "children" as set forth in A.R.S. § 23–1046 and as such are entitled to receive death benefits regardless of the language of § 23–1064. This same argument was made to and rejected by the Arizona Supreme Court on at least two occasions. *Ocean Accident and Guarantee Corp., Ltd. v. Industrial Commission,* 32 Ariz. 54, 255 P. 598 (1927) and *Thomas v. Industrial Commission,* 87 Ariz. 238, 350 P.2d 392 (1960). As was stated in *Thomas*:

"In the Ocean Accident & Guarantee Corp. case, supra, the Court considered the interrelation of the statutory predecessors of these two sections. [§§ 23–1046 and 23–1074] (then §§ 70 and 72, respectively, Chapter 83, Laws 1925). Therein it was held that § 70 was to be read together with § 72, and that the former section did not confer death benefits in the absence of proof of actual dependency, except in those cases covered by the conclusive presumption set out in the latter provision. Therefore, although

petitioner may come within the language of § 23–1046, it still is incumbent upon him, in order to establish his right to death benefits, to prove that—either by virtue of the statutory conclusive presumption in § 23–1064, or on the facts existing at the time of the fatal injury—he was a dependent of decedent."

Petitioners next contend that § 23–1064A makes a conclusive presumption that they are dependent and therefore they are entitled to death benefits, regardless of when their dependency arose. However, a reading of this statute readily reveals that the crucial time for the conclusive presumption to be effective is at the time of injury. Thus the statute speaks of "a wife [is presumed dependent] upon a husband * * * *at the time* of the injury." and "[q]uestions of dependency and the extent thereof shall be determined *as of the date of the injury* * * *." As to the latter quoted portion of this statute petitioners point to the legislative history of this statute which they contend requires that the words "in all other cases" precede "questions of dependency and the extent thereof", etc. The argument is that those persons listed in subsection A of § 23–1064 are conclusively presumed to be dependent regardless of their status on the date of injury and only other persons, i. e., brothers, sisters, etc. are affected by Subsection B requiring their status to be determined as of the date of injury. However persuasive petitioners' argument might have been had it been made in 1928 when the alleged deletion of the words "in all other cases" was made, our Supreme Court has interpreted this statute to mean that status at time of injury is the determining factor of dependency.

"In view of the language of our statute and our decisions that the *wife and children* of a deceased employee do not take by virtue of their relationship, but of their dependency, we hold that under the statute the *question of dependency is irrevocably fixed as of the date of the injury, and not the date of the death* * * *." Magma Copper Co. v. Nag-

lich, 60 Ariz. 43, 131 P.2d 357 (1942). (emphasis added)

In 1961, the legislature amended this particular section (Chapter 101, § 1, Laws of 1961) retaining the language making dependency determinative as of the date of injury. We must presume that the legislature was aware of the holding of Magma Copper Co. v. Naglich, and by retaining the statutory language upon which it was based approved of that interpretation. State v. Superior Court of Pima County, 104 Ariz. 440, 454 P.2d 982 (1969).

Finally, this exact question was presented in the case of Tipton v. Industrial Commission, 2 Ariz.App. 339, 409 P.2d 55 (1965), which held that where petitioner was not the wife of the decedent at the time of his injuries, the Commission was without jurisdiction to award her widow benefits. The petitioners urge us to overrule this decision. This we decline to do, it being the opinion of this Court that no other result can be reached under our statute than was reached in *Tipton.*

Award affirmed.

HAIRE and EUBANK, JJ., concur.