533 P.2d 1185

Joseph L. EZELL, Deceased, Thelma G. Ezell, widow, Stephen A. Ezell and Joseph L. Ezell, Jr., Individually and by their guardian ad litem, Thelma G. Ezell, Petitioners and Cross Respondents,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

State Compensation Fund, Respondent Carrier and Cross Petitioning Carrier,

San Xavier Rock & Sand Co., Respondent Employer and Cross Petitioning Employer.

No. 1 CA–IC 1151.

Court of Appeals of Arizona, Division 1, Department C.

April 15, 1975.

Rehearing Denied May 14, 1975.

Review Denied June 24, 1975.

Johnson, Hayes & Dowdall, Ltd., by James G. Busby, Tucson, for petitioners and cross respondents.

Edward F. Cummerford, Chief Counsel The Industrial Commission of Arizona, by Greg L. Folger, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by George B. Morse, Phoenix, for State Compensation Fund and San Xavier Rock & Sand Co.

## OPINION

STEVENS, Judge.

Joseph L. Ezell died on 29 March 1973 as a result of injuries sustained in an accident arising out of and in the course of his employment. On 17 May 1973, Thelma G. Ezell, his widow, filed a Widow's and Dependents' Claim for compensation on behalf of herself and two sons as issue of her marriage to the deceased. On 3 December 1973, the State Compensation Fund (Fund), the insurance carrier, issued its Notice of Claim Status. The Fund accepted liability for reasonable expenses of burial of the deceased not to exceed the sum of $300; for death benefit payments to the widow and the oldest son but denied death benefit payments to the younger son because he was conceived after the injury which finally caused the death of his father. Thelma Ezell filed a timely Request for Hearing and a formal hearing was scheduled on 23 January 1974. Before the hearing, the respective parties entered into a Stipulation of Facts and agreed to submit memoranda of law for the hearing officer's decision in lieu of a hearing in the matter.

On 29 January 1974 and after the parties submitted their memoranda of law, the hearing officer issued his Findings and Award for Death Benefits and Order Appointing Guardian Ad Litem. The hearing officer found the Fund liable for reasonable expenses of burial of the deceased not to exceed $800.00; for death benefit payments to the widow and older son but denied death benefit payments to the younger son because he was conceived after the injury which caused the death of Joseph L. Ezell.

The Fund filed its Request for Review on 8 February 1974 and Thelma Ezell filed her Request for Review on 15 February 1974. On 8 April 1974, the hearing officer issued his Decision Upon Review Affirming Findings and Award for Death Benefits and Order Appointing Guardian Ad Litem. Both Thelma Ezell and the Fund filed separate petitions for a writ of certiorari against this decision and this Court issued a writ of certiorari.

Two questions are presented for review. Thelma Ezell contends that the youngest son, a natural child of the deceased, who was totally dependent for support upon the deceased employee, is entitled to death benefit payments and the Fund contends that its liability for reasonable expenses of burial of the deceased is limited to the sum of $300.00 and not to the sum of $800.00.

The facts are not in dispute. Joseph L. Ezell was injured on 23 April 1963. At the time of his injury, he was married to Thelma Ezell and had a son, Stephen. Subsequent to the injury, the couple had another son, Joseph, Jr., who was born 11 July 1964. Joseph L. Ezell died on 29 March 1973, almost ten years after the accident, as a result of the injuries he sustained in the industrial accident. Joseph, Jr., was denied death benefit payments only for the reason that he was conceived and born after the injury which eventually caused his father's death.

Thelma Ezell argues that under A.R.S. § 23–1064(A)(3), the younger son is conclusively presumed to be totally dependent for support upon his father, the deceased employee and that under A.R.S. § 23–1046(A)(3), the younger son is entitled to the death benefits that are provided for in that section.

It is true that A.R.S. § 23–1064(A)(3) provides that a child is conclusively presumed to be totally dependent for support upon his father. Subsection (B) of the statute provides that questions of dependency shall be determined as of the date of the injury. The Arizona Supreme Court, in Magma Copper Company v. Naglich, 60

Ariz. 43, 131 P.2d 357 (1942), had an opportunity to consider the effect of this statute's predecessor. A.R.S. § 23–1064(B) is identical to the statute construed in Magma Copper, supra. It provides:

"B. Questions of dependency and the extent thereof shall be determined as of the date of the injury to the employee and the dependent's right to any death benefit shall become fixed as of such time irrespective of any subsequent change in conditions, and the death benefits shall be directly recoverable by and payable to the dependent entitled thereto."

The fact situation in the case at bar was identical to the one faced by the Supreme Court in Magma Copper, supra. The Supreme Court said:

"In view of the language of our statute and our decisions that the wife and children of a deceased employee do not take by virtue of their relationship, but of their dependency, we hold that under the statute the question of dependency is irrevocably fixed as of the date of the injury, and not the date of the death, and that since [the child] not only was not born but was not conceived at the time of the injury, [he] could not have then been a dependent, present or prospective, upon [his] father for support, and is not entitled to compensation because of his death."

■■■ We realize that Joseph, Jr. was, in fact, a dependent of the deceased. He was born on 11 July 1964 and he was almost nine years old when his father died on 29 March 1973. The established rule in Arizona is that the employer takes the worker as he finds him. Condos v. Industrial Commission of Arizona, 92 Ariz. 299, 376 P.2d 767 (1962); Murray v. Industrial Commission of Arizona, 87 Ariz. 190, 349 P.2d 627 (1960). Apparently, the same rule is applied to the worker's wife and children. A widow, who was not the wife of the employee at the time of his injury, is not entitled to death benefits. Coover v. Industrial Commission of Arizo-

na, 14 Ariz.App. 409, 484 P.2d 21 (1971). Similarly, a child, who was not conceived at the time of the injury, is not entitled to death benefits when the parent dies of those injuries. Magma Copper Company v. Naglich, 60 Ariz. 43, 131 P.2d 357 (1942). The rule is harsh but the decision was legislative and only the Legislature has the authority to change it. We hold, that under the terms of the statute, the younger child of Joseph L. Ezell, deceased, is not entitled to death benefits because he was not conceived at the time of the injury and therefore, he was not a statutory dependent of the worker at the time of the injury.

The hearing officer found that the Fund is liable for reasonable expenses of burial of the deceased for a sum not to exceed $800.00. The Fund contends that its liability for reasonable expenses of burial is limited to the sum of $300 and not to the sum of $800.

 The right to death benefits are to be determined at the time of the injury and not at the time of the employee's death. Magma Copper Company v. Naglich, supra, Coover v. Industrial Commission of Arizona, supra; State Compensation Fund v. Stanke, 22 Ariz.App. 74, 523 P.2d 801 (1974). At the time Joseph L. Ezell was injured, A.R.S. § 23–1046(A)(1) provided that:

"A. In case of an injury causing death, the compensation therefor shall be shown as a death benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

"1. Burial expenses, not to exceed three hundred dollars, in addition to the compensation."

Subsequently, in 1971, prior to the employee's death, the statute was amended to increase this amount to $800 and this was the basis of the hearing officer's award. Since the death benefits are to be determined at the time of the injury, the Fund's liability for reasonable expenses of burial is limited to a sum not to exceed $300. State Compensation Fund v. Stanke, supra.

In reviewing an award of The Industrial Commission, this Court may not affirm in part and reverse in part as in ordinary appellate reviews. It may only affirm in toto or set aside in toto. We reluctantly agree that the younger son may not receive benefits and if that issue had been the only issue we would have affirmed. Nevertheless, the error in the burial allowance requires that the award be set aside in its entirety.

The award is set aside.

NELSON, P. J., and WREN, J., concur.