717 P.2d 471

**The STATE of Arizona, Appellant,**

v.

**Elbert Leroy PENNINGTON, Appellee.**

**No. 2 CA–CR 4121.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 6, 1985.

Review Denied April 8, 1986.

Stephen D. Neely, Pima County Atty. by John W. Dickinson, Tucson, for appellant.

Law Office of Michael J. Bloom by Michael J. Bloom and Law Office of Natman Schaye by Natman Schaye, Tucson, for appellee.

LACAGNINA, Judge.

Albert Leroy Pennington, accused in 1985 of molesting his six-year-old great-granddaughter in 1984 by rubbing her genitalia through her clothing, successfully argued to the trial court that his conduct was not a violation of A.R.S. § 13–1410.

■ Appealing from the order of dismissal, the state argues Pennington's acts, touching a child's genitalia through her clothing, constitutes child molestation within the meaning of A.R.S. § 13–1410 as it existed before legislative amendment in 1985.

We agree and reverse the order of dismissal and remand to the trial court for reinstatement of the indictment.

Prior to 1978, the crime of molestation of a child, A.R.S. § 13–1410, was covered by A.R.S. § 13–653 (Criminal Code of 1955) which described the crime as "a person who molests a child under the age of 15 years by fondling, playing with, or touching the private parts of such child...." In the 1978 criminal code, the only substantive change in the description of the crime was the addition of the word "knowingly," so that the language of § 13–1410 read, "A person who *knowingly* molests a child under the age of 15 years by fondling, playing with, or touching the private parts of such child ..." (emphasis added).

Whether A.R.S. § 13–653 covered "indirect" touching was decided by the Arizona Supreme Court in *State v. Kasold,* 110 Ariz. 558, 521 P.2d 990 (1974), when it affirmed a conviction for violation of A.R.S. § 13–653 upon evidence the jury could believe was *touching of the victim's private parts through her shorts.*

■ It is presumed the legislature is aware of existing case law when it passes a statute, *Daou v. Harris,* 139 Ariz. 353, 678 P.2d 934 (1984); and that it is aware of court decisions interpreting the language of the statute; and when it retains the language upon which those decisions are based, it approves the interpretations. *State v. Superior Court,* 104 Ariz. 440, 454 P.2d 982 (1969); *Altamirano v. Industrial Commission,* 22 Ariz.App. 379, 527 P.2d 1096 (1974); *Coover v. Industrial Commission,* 14 Ariz.App. 409, 484 P.2d 21 (1971).

■ We hold an adoption of the language of A.R.S. § 13–653 by the enactment of A.R.S. § 13–1410 included the holding of *Kasold,* and therefore, evidence of external or indirect fondling or touching of private parts is sufficient to sustain an indictment and/or conviction for violation of A.R.S. § 13–1410.

The recent 1985 amendment of 1410 to include the phrase "directly or indirectly" to describe the type of touching necessary for child molestation is a clear demonstra-

tion of the legislative intent which existed prior to the amendment.

Reversed and remanded for reinstatement of indictment.

HATHAWAY, P.J., and LIVERMORE, J., concur.