831 P.2d 839

Rose DUNN (Widow), James Dunn (Deceased), Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

City of Bisbee, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 2 CA–IC 91–0019.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 29, 1991.

As Corrected Dec. 4, 1991.

Review Granted June 16, 1992.

Dunn was married to Marilyn Bracker Dunn. Dunn and Marilyn Dunn divorced in 1978. Dunn later married Rose Marie Bruner Garber Dunn and they had one child. Rose Dunn has two children from a previous marriage who were partially dependent upon Dunn for their support. James Dunn died in September 1989, allegedly as a complication from the industrial injury; however, the parties have stipulated that medical causation is not at issue at this time. Rose Dunn and her children filed a death benefit claim in August 1990 which was denied. A formal hearing was held, at which the administrative law judge (ALJ) dismissed the case for lack of jurisdiction because none of the petitioners was a statutory dependent at the time of James Dunn's 1975 injury.

Tretschok, McNamara & Clymer, P.C. by Dale D. Tretschok and Carol L. Lohman, Tucson, for petitioner employee.

Industrial Com'n of Ariz. by Anita R. Valainis, Chief Counsel, Phoenix, for respondent.

State Compensation Fund, Peter Kilgard, Chief Counsel by Elizabeth Anne Upham, Tucson, for respondents employer and carrier.

## OPINION

ROLL, Presiding Judge.

Petitioners appeal from the administrative law judge's award dismissing their claim for lack of jurisdiction. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Decedent James Dunn sustained an industrial injury to his right leg in 1975 and successfully claimed for workers' compensation benefits. At the time of the injury,

## ISSUES ON APPEAL

The sole issue on appeal is whether dependency is to be determined as of the date of injury or the date of death.

## DATE OF INJURY REQUIREMENT

A. Spouse's Claim.

Rose argues that the ALJ's interpretation of the dependency statute was in error. The ALJ ruled that Rose was precluded from entitlements guaranteed by the provisions of the death benefits statute because she and James were not married at the time of his injury. The death benefits statute provides in part that "[i]n the case of an injury causing death, the compensation therefor shall be known as a death benefit, and shall be payable ... [t]o the widow or widower...." A.R.S. § 23-1046(A)(3). The dependency statute, A.R.S. § 23-1064, specifies those takers who are conclusively presumed dependent for purposes of eligibility and those for whom dependency must be established.[1]

1. § 23-1064. Presumptions of dependency; determination

A. The following persons are conclusively presumed to be totally dependent for support upon a deceased employee:

1. A wife upon a husband whom she has not voluntarily abandoned at the time of the injury.

2. A husband upon a wife whom he has not voluntarily abandoned at the time of the injury.

3. A natural, posthumous or adopted child under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the injured parent. Stepparents may be regarded as parents, if

Rose argues that these two statutes should not be read in conjunction despite clear case law to the contrary. In *Magma Copper Co. v. Naglich*, 60 Ariz. 43, 131 P.2d 357 (1942), our supreme court held that a survivor must be dependent upon the deceased employee to qualify for death benefits. We are therefore prohibited from reading the death benefits statute in isolation and must conclude that the two provisions are *in pari materia. Kasprowiz v. Industrial Commission*, 14 Ariz.App. 75, 480 P.2d 992 (1971). Although Rose raises the issue anew, there is no "question that [the two provisions] must be construed together," *Tipton v. Industrial Commission*, 2 Ariz.App. 339, 340, 409 P.2d 55, 56 (1965), and that Rose may not claim an entitlement based on the death benefits statute alone.

Alternatively, Rose suggests that even if these provisions must be interpreted together, the ALJ still erred in requiring that she and James be married at the time of injury. A.R.S. § 23–1064(A)(1) states that a wife is conclusively presumed dependent "upon a husband whom she has not voluntarily abandoned at the time of the injury." In Rose's view, a wife could be conclusively presumed dependent if she had either married and not abandoned her husband at the time of injury or was not yet married at the time of injury. Therefore, under this argument, Rose would be conclusively presumed dependent.

█ Division One of this court has stated that "a reading of this statute readily reveals that the crucial time for the conclusive presumption to be effective is at the time of injury." *Coover v. Industrial Commission*, 14 Ariz.App. 409, 411, 484 P.2d 21, 23 (1971). This is because beneficiaries do not take "as a matter of law resulting from their relationship as natural children or widows, but from their condition as dependents in whole or in part upon the deceased parent or husband." *Ocean Accident and Guarantee v. Industrial*

*Commission*, 32 Ariz. 54, 62, 255 P. 598, 600 (1927). The inquiry, therefore, is whether the claimant was married to the deceased worker at the time of the injury. If the current spouse was not married to the employee at the time the injury occurred, *ipso facto* there can be no compensable claim. *See Ezell v. Industrial Commission*, 23 Ariz.App. 448, 450, 533 P.2d 1185, 1187 (1975) ("A widow, who was not the wife of the employee at the time of his injury, is not entitled to death benefits.").

Rose also contends that the date of injury requirement applies only to those cases under § 23–1064(B) where there is a question of actual dependency and not to cases of conclusive dependency under § 23–1064(A). Again, the conclusive presumption is reserved for those potential beneficiaries who were dependents at the time of the injury. *Tipton, supra.* Rose is clearly outside the category to whom the presumption applies.

Rose maintains that the courts have ignored legislative efforts to revise these provisions so as to prevent the results obtained here. Our legislature has revisited the statutes in question on at least three occasions, most recently in 1990, yet the judicially-imposed dependency requirement has remained unchanged. We assume the legislature is aware of judicial interpretations. *State v. Superior Court*, 104 Ariz. 440, 454 P.2d 982 (1969). Furthermore, even though the statute has undergone revision, the cases interpreting it have relied upon provisions which are identical to our modern laws. *Tipton*, 2 Ariz.App. at 340, 409 P.2d at 56. This court is not at liberty to overturn supreme court precedent.

**B. The Children's Claims.**

█ Neither James's natural child nor his two stepchildren are entitled to collect death benefits because they were neither

dependent, and a stepchild as a natural child if dependent.

B. Questions of dependency and the extent thereof shall be determined as of the date of the injury to the employee and the depend-

ent's right to any death benefit shall become fixed as of such time irrespective of any subsequent change in conditions, and the death benefits shall be directly recoverable by and payable to the dependent entitled thereto.

born nor dependent upon James at the time of the injury. As with an after-married's claim, children born after the injury are ineligible for death benefits. The decisive date is the date of injury. This remains true even when a child is otherwise within the class of those conclusively presumed dependent. *Ezell, supra* (child conceived after father's injury did not take even though dependent). In such a case, the language of A.R.S. § 23–1064(B) controls to fix the taking of benefits at the time of injury. *Triste v. Industrial Commission,* 25 Ariz.App. 489, 544 P.2d 706 (1976). Therefore, the natural child of James and Rose Dunn is ineligible to receive death benefits.

Stepchildren are treated identically to natural children "once the hearing officer finds as a fact the existence of partial dependency, then the presumption of total dependency becomes applicable ... the stepchild must then be regarded in all respects as though the relationship was that of a natural child." *Diesel Drivers v. Industrial Commission,* 122 Ariz. 184, 190, 593 P.2d 934, 940 (App.1979). *See* A.R.S. § 23–1064(A)(3) ("[a] natural, posthumous or adopted child under the age of eighteen years ... and a stepchild as a natural child if dependent" are conclusively presumed dependent). For the same reason that the claim of the natural child was denied, the claims of the stepchildren must also be denied.

## CONSTITUTIONALITY OF THE STATUTORY PROVISIONS

■ Art. 18, § 8 of the Arizona Constitution provides for workers' compensation benefits for "workman, their widows, children or dependents, as defined by law." Rose argues that her and her children's entitlements are constitutionally guaranteed and may not be interfered with by the dependency statute. Only dependents, she maintains, are subject to legislative definition. We disagree. The phrase "by law" is not limited to dependents and may address all categories of beneficiaries. Our courts have long held that "[t]his phrase clearly stands for the proposition that the Legislature is free to define 'dependents' as it sees fit. Presumably this is what the Legislature has done in enacting A.R.S. § 23–1046 and A.R.S. § 23–1064." *El Dorado Insurance Co. v. Industrial Commission,* 25 Ariz.App. 617, 620, 545 P.2d 465, 468 (1976).

Rose and her children also argue that the workers' compensation statute as interpreted contravenes Article 18, § 6 of the Arizona Constitution which provides that the "right of action to recover damages for injuries shall never be abrogated...." Petitioners claim that by denying them death benefits, they have lost their constitutional right to pursue other tort remedies. They cite to potential recovery for wrongful death, which they believe could be maintained but for the unconstitutional application of the statute.

■ In support of their position, Rose and her children rely on *Alvarado v. Industrial Commission,* 148 Ariz. 561, 716 P.2d 18 (1986), in which the supreme court struck down a compensation provision that purported to prohibit the widow's right to recover benefits where her right to sue had been eliminated by an election of remedies personal to her deceased spouse. However, for *Alvarado* to apply, the statute must operate to deprive a claimant of a cause of action before it accrues. Here, none of the petitioners has a right of action for damages. Therefore, *Alvarado* is simply inapplicable.

Initially we note that James's stepchildren are not eligible beneficiaries under the wrongful death statute. A.R.S. § 12–612 permits recovery for the surviving spouse, children, or parents. Stepchildren, unless adopted, are not included within the language of the statute. *See* A.R.S. § 14–1201. Therefore, James's stepchildren have lost nothing to which they would otherwise have been entitled.

■ Similarly, neither Rose nor her and James's natural child would be able to

maintain a cause of action for wrongful death. Our supreme court has ruled that a cause of action for wrongful death cannot be sustained in light of a workers' compensation election.[2] *Mariscal v. American Smelting and Refining Co.*, 113 Ariz. 148, 548 P.2d 412 (1976) (non-dependent parents of a deceased worker who were not entitled to death benefits were also prevented from seeking a remedy in tort). The court held that if the employee elects compensation, he thereby foregoes the right to use under employer's liability law. *Id.*

James voluntarily elected coverage under the Arizona workers' compensation statute. A.R.S. § 23–906. Unless a worker rejects compensation, the benefits are "the exclusive remedy against the employer." A.R.S. § 23–1022(A); *Bonner v. Minico, Inc.*, 159 Ariz. 246, 766 P.2d 598 (1988). The exclusive remedy provision immunizes the employer from wrongful death actions by a deceased worker's survivors or personal representative. *Mariscal, supra.* James was free to reject the workers' compensation system, but chose not to. Rose and her children are bound by his decision. Just as the compensation statutes require an employer to take the worker as he finds him, so too must a future spouse and child take the injured party as they find him, even in this situation where settlement of workers' compensation claims have released the employer from further liability. *Ezell,* 23 Ariz.App. at 450, 533 P.2d at 1187.

## CONCLUSION

We affirm the ALJ's decision to dismiss for lack of jurisdiction.

FERNANDEZ, J., concurs.

HATHAWAY, Judge, dissenting:

The Arizona Constitution, Art. 18, § 8 provides that:

> The Legislature shall enact a Workmen's Compensation Law ... by which compensation shall be required to be paid to any such workman, in case of his injury and to his dependents, as defined by law, in case of his death ... arising out of and in the course of, such employment....

I cannot agree with the majority's position that James, having voluntarily elected coverage under the Arizona worker's compensation law has thereby precluded any remedy to his dependents at the time of his death. Assuming that the injuries sustained in his employment culminated in his death, a substantial period of time after the initial injury, a factor which petitioners were precluded from developing, it would appear that a definition of dependents which, at the time of death, abrogates the remedial purpose of Art. 18, § 8 of the Arizona Constitution must fail. See *Alvarado v. Industrial Comm'n,* 148 Ariz. 561, 716 P.2d 18 (1986). Although Arizona case law has resolved the issue against petitioners on the basis of the statutory definition of dependents, I believe *Alvarado* has addressed the constitutionality question. I would follow its lead to effectuate the remedial purpose of worker's compensation.

---

**2.** An extensive search of the case law reveals that jurisdictions are split as to whether a claim for wrongful death can be maintained when the beneficiary had no relationship with the deceased at the time of the injury. For a case upholding the right to sue see *Du Bois v. Community Hospital,* 150 A.D.2d 893, 540 N.Y.S.2d 917 (1989). Arizona has yet to address this precise issue.