846 P.2d 157

**Tina RICO, Widow of Roy A. Rico, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Federal Roofing, Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. 2 CA–IC 92–0039.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 30, 1992.

Review Granted on Issue 1 and Denied on Issues 2 and 3 March 2, 1993.

Rabinovitz & Associates, P.C. by Bernard I. Rabinovitz, Tucson, for petitioner.

The Industrial Com'n by Anita R. Valainis, Chief Counsel, Phoenix, for respondent.

State Compensation Fund by Peter C. Kilgard, Chief Counsel, and Robert A. Schuler, Tucson, for respondent Carrier and respondent employer.

OPINION

HATHAWAY, Judge.

Petitioner Tina Rico, the widow of Roy Rico, seeks review of the decision of the

Administrative Law Judge (ALJ) denying her claim for widow's benefits. In reviewing an Industrial Commission award, we must view the evidence in the light most favorable to sustaining the award. *Central Management Co. v. Industrial Comm'n*, 162 Ariz. 187, 781 P.2d 1374 (App.1989).

The petitioner began living with the deceased in 1964. In March 1973, Roy Rico suffered a compensable industrial injury. On that date, petitioner was not married to Roy. They were married in January 1974, and remained husband and wife until Roy's death on September 5, 1990.

The ALJ denied petitioner's claim for widow's benefits based on A.R.S. § 23–1064(B) and *Dunn v. Industrial Comm'n*, 171 Ariz. 463, 831 P.2d 839 (App.1991), ruling that petitioner lacked standing because she was not married as of the date of the industrial injury. We set aside the award.

A.R.S. § 23–1064(B) states:

Questions of dependency and the extent thereof shall be determined as of the date of the injury to the employee and the dependent's right to any death benefit shall become fixed as of such time irrespective of any subsequent change in conditions, and the death benefits shall be directly recoverable by and payable to the dependent entitled thereto.

In *Magma Copper Co. v. Naglich*, 60 Ariz. 43, 56–57, 131 P.2d 357, 363 (1942), in discussing the issue of dependency, our supreme court stated:

[i]n view of the language of our statute and our decisions that the wife and children of a deceased employee do not take by virtue of their relationship, but of their dependency, we hold that under the statute the question of dependency is irrevocably fixed as of the date of the injury, and not the date of the death. . . .

■ In its Notice of Average Monthly Wage sent to Roy on May 9, 1973, the Industrial Commission ordered and approved a dependent's allowance for petitioner and a minor child. On his claim and report of injury, Roy listed petitioner as his wife. The Notice of Average Wage contained a notice that any party aggrieved by the determination had the right to request a hearing. No hearing was requested and all facts that were adjudicated or that could have been adjudicated at that time are conclusively determined to have been adjudicated. *Obersteiner v. Industrial Comm'n*, 161 Ariz. 547, 779 P.2d 1286 (App.1989).

We find *Dunn* to be distinguishable. There, the widow petitioner was not living with the decedent at the time of the injury. In fact, at that time he was married to someone else. There, the Industrial Commission had not determined that the petitioner was a dependent of the deceased at the time of the injury.

■ Workers' compensation statutes are to be liberally construed to achieve their remedial purpose. *Flamingo Motor Inn v. Industrial Comm'n*, 133 Ariz. 200, 650 P.2d 502 (App.1982). A.R.S. § 23–1045(A)(2) provides as follows:

If there are persons residing in the United States totally dependent for support upon the employee, compensation shall be paid as provided in this chapter with an additional allowance of twenty-five dollars per month for such dependents. . . .

Petitioner's dependency status at the time of the injury recognized by the ICA is "irrevocably fixed" as of that date. *Magma Copper Co.*, supra. That, together with petitioner's spousal status at the time of Roy's death entitles petitioner to death benefits and distinguishes the instant case from *Dunn.*

■ We find respondent's argument that petitioner raises issues on appeal which were not addressed below to be without merit. Petitioner filed a memorandum with the ALJ prior to his award which raised these issues and they are properly before us.

The award is set aside.

DRUKE, P.J., and FERNANDEZ, J., concur.